UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

VIP CINEMA LLC
A Mississippi Limited Liability Company,

    Plaintiff

v.     CASE NO:

EUROKEYTON S.A.
A Spanish corporation; and
KEYTON USA LLC,
A Florida Limited Liability Company

    Defendants.     JURY TRIAL REQUESTED
_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND INJUNCTIVE RELIEF

Plaintiff, VIP Cinema LLC ("VIP Cinema") brings this action against Eurokeyton S.A. and Keyton USA LLC (collectively the "Defendants") in order to protect VIP Cinema's valuable trademark rights and associated goodwill from the Defendants' impending activities at the 2012 ShowEast trade show, to be held in Hollywood, Florida on November 5-8, 2012. As set forth herein, VIP Cinema is a recognized market leader in the high-end home and movie theater seating business selling its goods under the trademark VIP CINEMA SEATING since at least August, 2008. VIP Cinema has expended significant effort in building its business and regularly attends the ShowEast event and its west-coast counterpart, CinemaCon, to meet with existing and prospective customers to whom VIP Cinema markets its goods. On October 31, 2012, one of VIP Cinema's customers provided VIP Cinema an invitation and product catalogue from the Defendants informing the customer that the Defendants intend to exhibit high-end home and movie theater seating at this year's ShowEast trade show under the trademarks VIP CINEMA

SEATING and KEYTON A NEW GENERATION OF VIP CINEMA SEATING. VIP Cinema's customer inquired as to whether the Defendants' goods were in fact associated with VIP Cinema's well known products. In light of the Defendants' subsuming VIP Cinema's trademark on identical goods and the actual confusion which has already taken place, VIP Cinema will suffer irreparable harm and damage to its business if the Defendants are permitted to use "VIP CINEMA SEATING" or "A NEW GENERATION OF VIP CINEMA SEATING" at the upcoming ShowEast event or in the future. As such, VIP Cinema has no choice but to seek injunctive relief and damages in order to protect its rights and business reputation from further degradation at the ShowEast event next week. In support of these allegations, VIP Cinema alleges as follows:

## PARTIES

1. VIP Cinema is a Mississippi limited liability company with its principal place of business in Tupelo, Mississippi. VIP Cinema is engaged in the business of manufacturing, marketing and selling custom home theater and commercial theater furniture across the United States, including within this judicial district.

2. Upon information and belief, Defendant Eurokeyton S.A. is a Spanish Sociedad Anónima, equivalent to a limited liability company, with its principal place of business in Alicante, Spain.

3. Upon information and belief, Defendant Keyton USA, LLC is an inactive Florida limited liability company with its principal place of business in Doral, FL. On information and belief, Keyton USA LLC was administratively dissolved by the Florida Secretary of State on or about September 24, 2010 for failure to file an annual report. Upon information and belied,

- 3 -

Keyton USA LLC is no longer in operation but is included in this lawsuit in the abundance of caution.

## JURISDICTION AND VENUE

4. This is an action for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for trademark infringement and unfair competition under the common law of Florida.

5. This Court has personal jurisdiction over Defendants because they direct business activities toward and conduct business with consumers within the state of Florida and this judicial district, including but not limited to contacting such individuals and inviting them to visit the Defendants' trade show exhibit at the upcoming ShowEast.

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; pursuant to Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338; pursuant to diversity of citizenship, 28 U.S.C. § 1332; and has supplemental jurisdiction over claims under state law under 28 U.S.C. § 1367(a).

7. Venue is proper in this Court under 28 U.S.C. §1391 as the Defendants are engaged in infringing activities that cause harm within this judicial district. Moreover, ShowEast Miami 2012 is scheduled to take place in Hollywood, Florida which is within the Ft. Lauderdale Division of this Court.

## VIP Cinema's Trademark

8. VIP Cinema, manufacturers, markets and sells custom-made furniture products for use in high-end residential home theaters as well as commercial movie theaters.

9. Since at least as early as August 2008 and continuously and exclusively thereafter, VIP Cinema has sold its custom-made movie theater furniture under the trademark VIP CINEMA SEATING.

10. VIP Cinema has applied to register the VIP CINEMA SEATING trademark with the United States Patent and Trademark Office in International Class 20 for "furniture". The Serial Number of VIP Cinema's U.S. trademark application is 85/763,440, a copy of which is included as Exhibit A to this Complaint.

11. VIP Cinema has invested significant efforts into the development and marketing of the VIP CINEMA SEATING branded products across the United States, including but not limited to attendance at industry trade shows such as ShowEast, ShowWest and CinemaCon. As a result of such efforts, VIP Cinema has developed valuable goodwill and common law rights in the VIP CINEMA SEATING trademark in Florida and throughout the United States. Photos illustrating VIP Cinema's exhibition at industry trade shows are attached as Exhibit B to this Compalint.

12. The VIP CINEMA SEATING trademark is inherently distinctive and serves to identify and indicate the source of VIP Cinema's products to the consuming public throughout the United States; moreover, the VIP CINEMA SEATING mark serves to distinguish VIP Cinema's products from the products of others.

**DEFENDANTS' INFRINGING ACTIVITIES AND THEIR EFFECTS ON VIP CINEMA**

13. On information and belief, Defendant Eurokeyton S.A. is engaged in commerce in this judicial district in the business of distributing and/or selling home theater furniture to consumers similar to those targeted by VIP Cinema.

14. On information and belief, Defendant Eurokeyton S.A. intends to exhibit at the ShowEast trade show in Hollywood, Florida and market its home theater furniture under the mark

- 4 -

KEYTON A NEW GENERATION OF VIP CINEMA SEATING. An invitation to Defendant Eurokeyton S.A.'s exhibitor booth at the upcoming ShowEast trade show is attached as Exhibit C.

15. On information and belief, Defendant Eurokeyton S.A. is marketing and offering a catalogue of home theater furniture products at the ShowEast trade show using the title VIP CINEMA SEATING. A copy of Defendant Eurokeyton S.A.'s "VIP Cinema Seating" catalogue is attached as Exhibit D.

16. On information and belief, Defendant Keyton USA LLC may be operating as Defendant Eurokeyton S.A.'s agent in the state of Florida.

17. Defendant Eurokeyton S.A. knew that its use of the VIP CINEMA SEATING mark in connection with furniture, and in particular, home theater furniture products infringed upon VIP Cinema's VIP CINEMA SEATING mark.

18. Defendant Eurokeyton S.A.'s unauthorized use of the confusingly similar A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks is likely to cause confusion, to cause mistake, and/or deceive customers and potential customers of the respective parties, as to some presumed but nonexistent affiliation, connection, sponsorship or association of Eurokeyton S.A. with VIP Cinema, or as to the origin, sponsorship, or approval of EuroKeyton S.A.'s products and services by VIP Cinema.

19. Defendant Eurokeyton S.A.'s activities in promoting and using the A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks in connection with its exhibition at the ShowEast trade show has caused actual confusion amongst VIP Cinema's customers.

20. On or about October 31, 2012, Eurokeyton S.A. caused the documents attached hereto as Exhibits C and D to be sent to Ms. Marisa Munro, client relationship manager at Zio in Winter Park, Florida via email. A copy of the email from Eurokeyton S.A. to Ms. Munro is attached as Exhibit E.

21. Zio is a longtime customer of VIP Cinema and recognizes VIP Cinema's quality and reputation in the industry.

22. Ms. Munro was confused as to the source and affiliation of the documents sent by Eurokeyton S.A. using the A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks and asked VIP Cinema's president whether the goods offered by Eurokeyton S.A. were in fact affiliated with VIP Cinema. A copy of Ms. Munro's email to Steve Simons, president of VIP Cinema, is attached as Exhibit F.

23. Defendant Eurokeyton S.A.'s unauthorized use of the confusingly similar A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks indicates to the purchasing public that Eurokeyton S.A., its products, and/or its services originate with VIP Cinema, or are affiliated, connected or associated with VIP Cinema, or are sponsored, endorsed, or approved by VIP Cinema.

24. Defendant Eurokeyton S.A.'s unauthorized use of the confusingly similar A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks falsely designates the origin of Eurokeyton S.A.'s products, and falsely and misleadingly describes and represents with respect to Eurokeyton S.A. and its products.

25. Defendant's unauthorized use of the confusingly similar A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks enables Defendant Eurokeyton S.A to call attention to its company and its products and services, and to trade on and receive the

benefit of the goodwill built up at great labor and expense over many years by VIP Cinema and to gain acceptance for its products not solely on its own merits, but as a free ride on the reputation and good will of VIP Cinema and its VIP CINEMA SEATING mark.

26. Defendant's unauthorized use of the confusingly similar A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks places the valuable reputation and goodwill of VIP Cinema in the hands of the Defendants, over whom VIP Cinema exercises no quality control nor over whom VIP Cinema has a right to exercise quality control.

## COUNT ONE:
## FALSE DESIGNATION OF ORIGIN

27. VIP Cinema repeats the allegations in paragraphs 1-26 above as if fully set forth herein.

28. The acts of the Defendants complained of herein constitute unfair competition, false designation of origin and trade name infringement in violation of 15 U.S.C. § 1125(a).

29. Upon information and belief, the Defendants are using the confusingly similar A NEW GENERATION OF VIP CINEMA SEATING and VIP CINEMA SEATING marks with full knowledge of VIP Cinema's rights, and in bad faith with willful and deliberate intent to trade on VIP Cinema's goodwill. In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT TWO:
## COMMON LAW TRADEMARK INFRINGEMENT UNDER FLORIDA LAW

30. VIP Cinema repeats the allegations in paragraphs 1-26 above as if fully set forth herein.

31. The acts of the Defendants complained of herein constitute trademark and trade name infringement in violation of the common law of Florida.

PD.7952277.1

## COUNT THREE:
## COMMON LAW UNFAIR COMPETITION

32. VIP Cinema repeats the allegations in paragraphs 1-26 above as if fully set forth herein.

33. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Florida.

## REQUEST FOR JURY TRIAL

VIP Cinema requests a trial by jury.

## PRAYER FOR RELIEF

Wherefore, VIP CINEMA prays that this Court enter a Final Judgment that:

a) Defendants have infringed the rights of VIP Cinema in its VIP CINEMA SEATING trademark.

b) Defendants, along with its officers, agents, servants, employees, attorneys, affiliated companies and all those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from using, registering or applying to register any trade name, Internet domain name, Internet metatag, corporate name, trademark or service mark which incorporates the words VIP CINEMA SEATING for use in connection with furniture or related products.

c) Defendants' provide an accounting of the illegal profits obtained from Defendants' infringing activities and hold in trust for the benefit of VIP Cinema such illegal profits.

d) Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other materials in Defendants' possession, custody or control which uses, bears or

depicts, a name incorporating the words A NEW GENERATION OF VIP CINEMA SEATING or VIP CINEMA SEATING for furniture or related products.

  e)  VIP Cinema be awarded all general, special, and actual damages, as provided under the Lanham Act and Florida law.

  f)  Defendants be ordered to file with this Court, and to serve upon VIP Cinema, within thirty (30) days after entry and service on Defendants of an injunction, a report in writing, and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

  g)  VIP Cinema recover its reasonable attorney fees.

  h)  VIP Cinema recover its costs of this action and prejudgment and post-judgment interest.

  i)  VIP Cinema recover such other relief as the Court may deem appropriate.

Dated: **November 2, 2012**    Respectfully submitted,

                ERIC R. PELLENBARG (#556610)
                SCOTT TERRY (#77105)
                Phelps Dunbar LLP
                100 South Ashley Drive, Suite 1900
                Tampa, Florida 33602-5311
                Telephone: (813) 472-7550
                Telecopy: (813) 472-7570
                E-mail: pellenbe@phelps.com
                E-mail: terrys@phelps.com

                Counsel for VIP Cinema LLC