UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62164-CIV-ROSENBAUM

VIP CINEMA, LLC,
A Mississippi Limited Liability Company,

          Plaintiff,

v.

EUROKEYTON S.A., a Spanish corporation, and
KEYTON USA, LLC, a Florida Limited Liability Company,

          Defendants.
_____/

**ORDER GRANTING TEMPORARY RESTRAINING ORDER *EX PARTE***

This matter came before the Court on Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order and Preliminary Injunction ("Motion").  Plaintiff, VIP Cinema, LLC, moves *ex parte* for the entry of a temporary restraining order against Defendants pursuant to 15 U.S.C. §1116 and Rule 65, Fed. R. Civ. P., for alleged violations of the Lanham Act.  The Court has carefully reviewed the Motion, accompanying declarations, and the record in this case and is fully advised in the premises.

**I. FACTUAL BACKGROUND** [1]

Plaintiff VIP Cinema, LLC ("VIP Cinema"), manufactures, markets and sells custom-made furniture products, specializing in high-end theater seating for both commercial and home theaters. *See* D.E. 6-1 at ¶ 2.  According to Stephen Simons, the chief executive officer of VIP Cinema, VIP Cinema has adopted and used the trademark VIP CINEMA SEATING in connection with its

---

[1] The factual background is taken from Plaintiff's Complaint, Motion, and supporting Declarations.

furniture products throughout the United States, including in Florida. *Id*. at ¶ 5.  In addition, VIP Cinema has applied to register the VIP CINEMA SEATING trademark with the United States Patent and Trademark Office. *Id*. at ¶ 6. As a result of VIP Cinema's efforts, the VIP CINEMA SEATING trademark has become well known in the industry for quality. *See* D.E. 6-2 at ¶ 6.  Simons explains that in the custom home and commercial theater industry, two large trade shows are held each year. D.E. 6-1 at ¶ 8.  One such show is called ShowEast and is scheduled to take place in Hollywood, Florida, on November 5-8, 2012. *Id*. at ¶¶ 8; 15.  VIP Cinema has exhibited at ShowEast continuously since 2008 in order to market its VIP CINEMA SEATING-branded products to prospective customers. *Id*. at ¶ 15.  VIP Cinema's participation in the two major industry shows accounts for approximately ninety percent (90%) of its sales of VIP CINEMA SEATING-branded products annually. *Id*. at ¶ 9.

Defendant Eurokeyton S.A. ("Eurokeyton") is a Spanish corporation in the business of distributing or selling home-theater furniture, or both, to consumers similar to those targeted by VIP Cinema. *See* D.E. 1 at ¶ 13.  Defendant Keyton USA, LLC, is an inactive Florida limited liability company that was administratively dissolved in September 2010. *Id*. at ¶ 3.

On or about October 31, 2012, Marisa Munro, one of VIP Cinema's customers, received an email from Eurokeyton notifying her that Eurokeyton would be exhibiting at ShowEast Miami 2012.[2] *See* D.E. 6-2 at ¶ 9.  The email specified the sender as "KEYTON VIP CINEMA SEATING," *id*., and contained two attachments, each of which used the phrase "VIP Cinema Seating" in connection with Eurokeyton's products. *Id*. at ¶¶ 10-12.  Munro was confused as to the source of the subject email and whether the products marketed therein were associated with VIP Cinema. *Id.* at ¶ 13. She therefore contacted Simons to inquire about the affiliation between the email and VIP Cinema. *Id.*

---

[2] ShowEast Miami is the same event as ShowEast that is taking place in Hollywood, Florida, from November 5 through 8, 2012.

at ¶ 14. Simons explained that the two were not associated. *Id.* at ¶ 15. Plaintiff expresses a concern that Eurokeyton's use of the "VIP Cinema Seating" or "New Generation of VIP Cinema Seating" tag lines at ShowEast will cause confusion amongst the consuming public as to the affiliation of Eurokeyton's products with those offered by VIP Cinema. D.E. 6-1 at ¶ 25.

## II.  Legal Standard

To obtain a temporary restraining order, a party must establish (1) a substantial likelihood of success on the merits of its claims; (2) irreparable injury will be suffered if the temporary restraining order is not granted; (3) the threatened injury outweighs the harm that a temporary restraining order would inflict on the defendant; and (4) the entry of a temporary restraining order would serve the public interest. *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc*., 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may issue a temporary restraining order without notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cnty, etc*., 415 U.S. 423, 439 (1974).

## III. Analysis

The declarations that Plaintiff submitted in support of its Motion support the following conclusions of law:

  A. Plaintiff has a substantial likelihood of success of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of home and commercial theater furniture products in connection with the "VIP Cinema Seating," "KEYTON VIP Cinema Seating" or "KEYTON The New Generation of VIP Cinema Seating" trademarks. Plaintiff has been continuously using the VIP CINEMA SEATING mark since at least August 2008 and has developed a reputation for quality within the industry. Further, Plaintiff has evidence of actual confusion by at least one of its customers as a result of Defendants' advertising activities in connection with ShowEast Miami 2012.

  B. Because of the apparent infringement of Plaintiff's VIP CINEMA SEATING mark, VIP Cinema is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It appears from the following specific facts, as set forth in Plaintiff's Complaint, Motion, and accompanying declarations on file that immediate and irreparable loss, damage, and injury will result to VIP Cinema and to consumers before Defendants can be heard in opposition unless VIP Cinema's request for *ex parte* relief is granted:

  1. Defendants have targeted consumers, including VIP Cinemas' current customers, with advertising that promotes Defendants' products at the upcoming ShowEast Miami 2012 using the infringing "VIP Cinema Seating," "KEYTON VIP Cinema Seating," or "KEYTON The New Generation of VIP Cinema Seating" trademarks.

  2. VIP Cinema's business is reliant upon its ability to market its products at large industry trade shows such as ShowEast, as VIP Cinema derives nearly all of its revenue from such activities.

  3. The attendees at ShowEast Miami 2012 are likely to be confused between the products offered by VIP Cinema under its well-known VIP CINEMA SEATING brand and those

offered by Defendants under the "VIP Cinema Seating," "KEYTON VIP Cinema Seating," or "KEYTON The New Generation of VIP Cinema Seating" trademarks unless VIP Cinema's request for relief is granted.

4.      There is good cause to believe that if VIP Cinema proceeds on notice to Defendants, it will be impossible to prevent the irreparable injury that will occur, given the limited notice that VIP Cinema received of the allegedly infringing conduct and the fact that it is now after 6:00 p.m. on Friday, November 2, 2012, and ShowEast begins on the morning of Monday, November 5, 2012.  The Court notes that the courthouse is not open between now and the start of ShowEast.  Nor has VIP Cinema's search for contact information for Eurokeyton resulted in the identification of a United States address or other contact for Eurokeyton, although VIP Cinema has identified the following email addresses for Eurokeyton: **ecm@keyton.com** and **info@keyton.com**.

5.      The balance of potential harm to Defendants in restraining them from using the "VIP Cinema Seating" trademark or any derivations thereof if a temporary restraining order is issued is outweighed by the potential harm to VIP Cinema, its reputation in the industry and goodwill as a manufacturer of high-quality products if such relief is not granted.  Moreover, VIP Cinema does not seek to bar Defendants from exhibiting at ShowEast Miami 2012, but rather to prevent their use of the "VIP Cinema Seating" trademark or any derivations thereof.

6.      The public interest favors issuance of a temporary restraining order to protect the public from being confused as to the source of goods offered in the marketplace.

### IV.  Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order is **GRANTED**:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, affiliates, and all persons in active concert with each Defendant having notice of this Order are hereby temporarily restrained from

    a. using in connection with the sale of its products the mark, phrase or tagline VIP CINEMA SEATING, THE NEXT GENERATION OF VIP CINEMA SEATING or any other derivative thereof containing the words "VIP Cinema Seating";

    b. distributing or displaying any advertising or promotional material related to its products at the ShowEast trade show scheduled for November 5-8, 2012, in Hollywood, Florida, that uses the mark, phrase, or tagline VIP CINEMA SEATING, THE NEXT GENERATION OF VIP CINEMA SEATING, or any other derivative thereof containing the words "VIP Cinema Seating."

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, affiliates, and all persons in active concert with them having notice of this Order shall immediately discontinue the use of the mark, phrase, or tagline VIP CINEMA SEATING, THE NEXT GENERATION OF VIP CINEMA SEATING, or any other derivative thereof containing the words "VIP Cinema Seating" in any advertising or promotional materials.

(3) This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction as set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(4) **A hearing is set before this Court in the United States Courthouse located at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, Courtroom 310-B, on Tuesday, November 6, 2012, at 9:00 a.m.**, at which time Defendants and any other affected persons may

challenge the appropriateness of this Order and move to dissolve it and at which time the Court will hear arguments on Plaintiffs' requested preliminary injunction;

(5) Pursuant to 15 U.S.C. §1116(d)(5)(D) and Rule 65(c), Plaintiff shall file a bond (or otherwise pay into the court registry as security for the issuance of this temporary restraining order) in the amount of $5,000 within five day(s) of the entry of this Order.

(6) Plaintiff shall **immediately** serve copies of the *Ex Parte* Application and this Order and all other pleadings and documents on file in this action on Defendants via the e-mail address disclosed on the Affidavit of Eric R. Pellenbarg.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Florida, this 2nd day of November 2012.

*/s/ Robin S. Rosenbaum*
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record