UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

VIP CINEMA LLC
A Mississippi Limited Liability Company,

    Plaintiff

v.                                CASE NO: 12-cv-62164-RSR

EUROKEYTON S.A.
A Spanish corporation; and
KEYTON USA LLC,
A Florida Limited Liability Company

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, VIP Cinema LLC ("VIP Cinema"), hereby moves pursuant to Fed. R. Civ. P. 55(b)(2), for the entry of final default judgment against Defendants Eurokeyton S.A., and Keyton USA, LLC (collectively, "Defendants"). In support thereof, VIP Cinema states as follows:

**I.**     **INTRODUCTION AND PROCEDURAL BACKGROUND**

VIP Cinema instituted the current lawsuit on November 2, 2012 alleging the Defendants' activities infringed on VIP Cinema's federal and state trademark rights with respect to the trademark VIP CINEMA SEATING. *See* D.E. 1. This Court granted a temporary restraining order *ex parte* and, following a hearing, a preliminary injunction against the Defendants' use of the trademarks VIP CINEMA SEATING, THE NEXT GENERATION OF VIP CINEMA SEATING or any other derivatives thereof containing the words "VIP Cinema Seating". *See* D.E. 11, 15. VIP Cinema caused the Defendants to be served with process with respect to the

instant lawsuit on November 6, 2012. *See* D.E. 16, 17. The Defendants' response to the Complaint was due on November 27, 2012. The Defendants failed to appear, answer or otherwise plead to the complaint and Default was entered against them on December 26, 2012. *See* D.E. 21, 22. In light of the above, VIP Cinema request this Court enter Final Default Judgment against the Defendants with respect to Count One (False designation of origin pursuant to 15 U.S.C §1125(a)), Count Two (common law trademark infringement under Florida law) and Count Three (common law unfair competition) as set forth in VIP Cinema's complaint, enter a permanent injunction against the Defendants and release VIP Cinema's injunction bond from the Court's registry.

## II. ARGUMENT

### A. Default Judgment Should Be Entered Against Defendants

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over Defendants and venue in this Judicial District are proper under 28 U.S.C. § 1391 as Defendants direct business activities toward consumers within this District and cause harm to Plaintiff's business through, among other things, their participation at the Show East trade show in Hollywood, Florida.

#### 1. Default Judgment is Proper

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). *See* FED. R. CIV. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *Petmed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987)). In this case, the Complaint, declaration of Stephen Simons filed in support of Plaintiff's Motion for Entry of

Temporary Restraining Order, as well as the testimony and evidence received at the hearing on Plaintiff's request for entry of a preliminary injunction clearly demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

### 2. Factual Allegations Establish Defendants' Liability.

To prevail on a claim of false designation of origin under Section 43(a) of the Lanham Act, a Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is also "whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S. Ct. 2753, 2763 (1992).

Whether a defendant's use of the plaintiff's trademarks created a likelihood of confusion between plaintiff's and defendant's products is also the determining factor in the analysis of unfair competition under the common law of Florida. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83–8381–Civ-Paine, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983.)") VIP Cinema has established there is a likelihood of confusion regarding Defendants' use of the VIP CINEMA

SEATING mark on their infringing products. Accordingly, VIP Cinema has succeeded on the merits of its Florida common law trademark infringement and unfair competition claims.

The well-pled factual allegations of VIP Cinema's Complaint, including specifically those pled in Paragraphs 8-26 (D.E. 1), properly allege the elements for each of the above claims. Moreover, the unrefuted evidence submitted in support of VIP Cinema's requests for both a temporary restraining order and preliminary injunction conclusively establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

      B.    **Plaintiff's Requested Relief Should Be Granted.**

          1.    **Entry of a Permanent Injunction is Appropriate.**

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., Petmed Express, Inc.*, 336 F. Supp. 2d at 1222-23. In the instant case, the Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no

assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.") Pursuant to 15 U.S.C. § 1116, this Court should permanently enjoin Defendants from continuing to infringe the VIP CINEMA trademark in the future.

Permanent injunctive relief is appropriate where a plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an equitable remedy; and 4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). As demonstrated herein, Plaintiff has clearly carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Defendants' actions merit permanent injunctive relief, not only to protect VIP Cinema's reputation and goodwill, but also to protect consumers from being deceived as to the quality and source of products bearing the VIP CINEMA trademark. The facts alleged in VIP Cinema's Complaint, substantiated by the evidence of record and testimony given at the November 6, 2012 hearing show the Defendants are infringing the VIP CINEMA trademark by using it to advertise, promote, and sell identical goods bearing marks which are identical or otherwise incorporate the VIP CINEMA trademark. *See e.g.,* Compl. ¶ 13-26; *see also* D.E. 6, Exs. 4-5; Composite Ex. 1 from Nov. 6, 2012 hearing)

VIP Cinema is clearly suffering, and will continue to suffer, irreparable injury if Defendants' infringing activities are not permanently enjoined. In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.1998). As set forth in the Complaint and at the subsequent hearing, VIP Cinema has evidence of *actual confusion* between itself and the Defendants with regard to its

own customers and easily satisfies the requirement to show irreparable injury as a result of the Defendants' infringing activities.

Additionally, VIP Cinema has no adequate remedy at law if the Defendants are permitted to resume use of the infringing "VIP Cinema" mark at the conclusion of this lawsuit because Plaintiff will have no control of the quality of what appears to be its products in the marketplace. *See* D.E. 1 at ¶26. Moreover, it can hardly be said that Defendants face hardship in refraining from their willful infringement of the VIP CINEMA SEATING trademark as they have no vested interest in developing the brand, whereas VIP Cinema faces hardship from loss of sales and its inability to control its reputation. In reality, Defendants have no cognizable hardship, as they will be prohibited from selling goods that trade on the goodwill of VIP Cinemas, which is illegal from the start.

Finally, the public has an interest in the issuance of a permanent injunction against the Defendants in order to prevent consumers from being misled by Defendants' products. *See Nike, Inc. v. Leslie,* 227 U.S.P.Q. 574, 575 (1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.") Ultimately, the permanent injunction will prevent consumer confusion and deception in the marketplace, and will protect VIP Cinema's property interests in its VIP CINEMA SEATING trademark, which are the touchstones of trademark law.

## IV. CONCLUSION

For the foregoing reasons, VIP Cinema respectfully requests the Court enter final default judgment and a permanent injunction against Defendants in the form of the proposed Final Default Judgment and Permanent Injunction filed herewith as Exhibits A and B.

Further, VIP Cinema requests that the Court release the $5,000 injunction bond VIP Cinema paid into the Court registry as a condition of the issuance of the temporary restraining order.

Dated: **January 16, 2013**

Respectfully submitted,

_____
ERIC R. PELLENBARG (#556610)
SCOTT TERRY (#77105)
Phelps Dunbar LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Telecopy: (813) 472-7570
E-mail: pellenbe@phelps.com
E-mail: terrys@phelps.com

Counsel for VIP Cinema LLC

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the foregoing Motion for Clerk's Default has been emailed to the Defendants at ecm@keyton.com and info@keyton.com, which are the only known email addresses utilized by the Defendant and its president, Mr. Enrique Canto.

_____
Attorney

PD.8116733.1