UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62164-CIV-ROSENBAUM

VIP CINEMA, LLC,
A Mississippi Limited Liability Company,

      Plaintiff,

v.

EUROKEYTON S.A.,
A Spanish corporation, and
KEYTON USA, LLC,
A Florida Limited Liability Company,

      Defendants.
_____/

## ORDER GRANTING PERMANENT INJUNCTION

This matter is before the Court on Plaintiff's Motion for Entry of Final Default Judgment and Entry of Permanent Injunction (the "Motion"). Plaintiff VIP Cinema, LLC, moves for the entry of a permanent injunction against Defendants pursuant to 15 U.S.C. §1116 and Rule 65, Fed. R. Civ. P., for violations of the Lanham Act.

On November 6, 2012, this Court entered a preliminary injunction against Defendants following a hearing at which Defendants failed to appear. On December 26, 2012, the Clerk entered a default against the Defendants for failing to properly respond or otherwise appear in this case after being properly served on November 6, 2012. The Court granted Plaintiff's request to enter Final Default Judgment on January 29, 2013. The Court has also considered Plaintiff's request for entry of a permanent injunction, the pleadings, and the testimony and evidence

- 1 -

submitted at the November 6, 2012, hearing, and is fully advised in the premises.

## I.     FACTUAL BACKGROUND[1]

Plaintiff VIP Cinema, LLC ("VIP Cinema"), manufactures, markets, and sells custom-made furniture products, specializing in high-end theater seating for both commercial and home theaters. *See* Complaint at ¶ 8-12 (D.E. 1); *see also* Declaration of Stephen Simons ("Simons Dec.") in support of Motion for Temporary Restraining Order (Exhibit 1 to D.E. 6 at ¶ 2). VIP Cinema has adopted and used the trademark VIP CINEMA SEATING in connection with its furniture products throughout the United States, including Florida. Complaint at ¶¶ 8-9; Simons Dec. at ¶ 5. In addition, VIP Cinema has applied to register the VIP CINEMA SEATING trademark with the United States Patent and Trademark Office. Complaint at ¶ 10; Simons Dec.. at ¶ 6. As a result of VIP Cinema's efforts, the VIP CINEMA SEATING trademark has become well known for quality in the industry. *See* Declaration of Marisa Munro ("Munro Dec.") in support of Motion for Temporary Restraining Order (Exhibit 2 to D.E. 6 at ¶ 6.)

In the custom home and commercial theater industry, two large trade shows are held each year. Simons Dec.. at ¶ 8. One of those includes ShowEast, which occurred in Hollywood, Florida, on November 5-8, 2012. Complaint at ¶ 11; Simons Dec. at ¶¶ 8; 15. VIP Cinema has exhibited at ShowEast continuously since 2008 in order to market its VIP CINEMA SEATING-branded products to prospective customers. Simons Dec. at ¶ 15. VIP Cinema's participation in the two major industry shows accounts for approximately ninety percent (90%) of its sales of VIP CINEMA SEATING-branded products annually. *Id*. at ¶ 9.

Defendant Eurokeyton S.A. ("Eurokeyton") is a Spanish corporation in the business of

---

[1] The factual background is taken from Plaintiff's Complaint, Motion for Temporary Restraining Order, supporting Declarations, and evidence received at the hearing on November 6, 2012.

the distribution or sale, or both, of home theater furniture to consumers similar to those targeted by VIP Cinema. *See* Complaint at ¶ 13. Defendant Keyton USA, LLC, is an inactive Florida limited liability company that was administratively dissolved in September 2010. *Id.* at ¶ 3.

On about October 31, 2012, Marisa Munro, one of VIP Cinema's customers, received an email from Eurokeyton notifying her that Eurokeyton would be exhibiting at ShowEast Miami 2012. *See* Munro Dec. at ¶ 9. The email, which was sent from "KEYTON VIP CINEMA SEATING," contained two attachments, each of which used the phrase "VIP Cinema Seating" in connection with Eurokeyton's products. *Id.* at ¶¶ 10-12. Munro was confused as to the source of the email and whether the products marketed in it were associated with VIP Cinema. *Id.* at ¶ 13. Therefore, Munro contacted Stephen Simons, CEO of VIP Cinema, to inquire as to the affiliation between the email and VIP Cinema. *Id.* at ¶¶ 14-15. Simons explained that the two were not associated. *Id.* Eurokeyton's use of the "VIP Cinema Seating" or "New Generation of VIP Cinema Seating" tag lines at ShowEast would have caused confusion among the consuming public as to the affiliation of Eurokeyton's products with those offered by VIP Cinema. *See* Simons Dec. at ¶ 25.

On November 6, 2012, this Court held a hearing on Plaintiff's request for a preliminary injunction. At the hearing, Simons testified as to Defendants' activities at the impending Show East trade show and introduced photographs of Defendants' product display, which employed the phrase VIP CINEMA SEATING and THE NEXT GENERATION OF VIP CINEMA SEATING in connection with the sale of Defendants' products. *See* Plaintiff's Composite Exhibit 1. The Court subsequently granted Plaintiff's motion for a preliminary injunction. As the Court has now entered final default judgment against Defendants, Plaintiff moves for entry of

a permanent injunction. For the reasons set forth herein, the Court grants Plaintiff's request.

## II. <u>Legal Standard</u>

Under the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Even in a default-judgment setting, injunctive relief is available. *See e.g., Petmed Express, Inc.*, 336 F. Supp. 2d at 1222-23.

Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) the issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). In this case, Defendant's failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement in the absence an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

### III. Analysis

Plaintiff has carried its burden with regard to each of the four factors. Accordingly, permanent injunctive relief is appropriate. Defendants' actions warrant permanent injunctive relief, not only to protect VIP Cinema's reputation and goodwill, but also to protect consumers from being deceived as to the quality and source of products bearing the VIP CINEMA SEATING trademark. The facts alleged in Plaintiff's Complaint, substantiated by the evidence of record and testimony given at the November 6, 2012, hearing, show that Defendants are infringing the VIP CINEMA SEATING trademark by using it to advertise, promote, and sell identical goods bearing marks which are identical or which otherwise incorporate the VIP CINEMA SEATING trademark. *See e.g.,* Compl. ¶¶ 13-26; see *also* D.E. 6, Exs. 4-5; Composite Ex. 1 from Nov. 6, 2012 hearing.

Plaintiff is suffering, and will continue to suffer, irreparable injury if Defendants' infringing activities are not permanently enjoined. In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.1998). As set forth in the Complaint and at the subsequent hearing, Plaintiff has shown evidence of *actual confusion* between itself and Defendants with regard to its own customers and satisfies the requirement to show irreparable injury as a result of Defendants' infringing activities.

Additionally, Plaintiff has no adequate remedy at law if Defendants are permitted to resume use of the infringing "VIP Cinema Seating" mark at the conclusion of this lawsuit because Plaintiff will have no control of the quality of what appear to be its products in the

marketplace. *See* D.E. 1 at ¶26. Nor do Defendants face hardship in refraining from their willful infringement of the VIP CINEMA SEATING trademark, as they have no vested interest in developing the brand, whereas Plaintiff faces hardship from loss of sales and its inability to control its reputation. In reality, Defendants have no cognizable hardship, as they will merely be prohibited from selling goods that trade on the goodwill of Plaintiff, which is impermissible under the law, anyway.

Finally, the public has an interest in the issuance of a permanent injunction against Defendants in order to prevent consumers from being misled by Defendants' products. *See Nike, Inc. v. Leslie,* 227 U.S.P.Q. 574, 575 (1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). Ultimately, the permanent injunction will prevent consumer confusion and deception in the marketplace and will protect Plaintiff's property interests in its VIP CINEMA SEATING trademark, thus furthering the aims of trademark law.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Permanent Injunction is **GRANTED**:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, affiliates, and all persons in active concert with them having notice of this Order are hereby permanently and forever enjoined from using in connection with the sale or promotion of its products in the United States the mark, phrase or tagline VIP CINEMA SEATING, THE NEXT GENERATION OF VIP CINEMA SEATING or any other derivative thereof containing the words "VIP Cinema Seating";

(2) Plaintiff shall serve a copy of this Order on the Defendants' President and CEO, Enrique Canto, via electronic mail; and

(3) Plaintiff's $5,000 injunction is hereby released. The Clerk of the Court is directed to ensure the return of Plaintiff's funds according to applicable procedures.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Florida, this 29th day of January 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record